DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| SHIRMEL GUMBS-HEYLIGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CMW AND ASSOCIATES CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2012-0078 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
  *For the Plaintiff*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
  *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Defendant's three Motions *in Limine*: (1) a "General Motion *in Limine*" (Dkt. No. 60); a "Motion *in Limine* to Prevent Plaintiff from Testifying to the Acts of Linda Todman" (Dkt. No. 61); and a "Motion *in Limine* to Preclude Punitive Damages and Front Pay and to Limit Evidence of Back Pay." (Dkt. No. 62). The Court's rulings on each of the three motions follow.

### I. BACKGROUND

  Plaintiff Shirmel Gumbs-Heyliger alleges in her Complaint that Defendant CMW & Associates Corporation wrongfully terminated her in violation of the Virgin Islands Wrongful

Discharge Act ("WDA"), codified at 24 V.I.C. §§ 76-79. (Dkt. No. 1). Defendant was under contract with the National Guard to run a Family Assistance Center on St. Croix in the Virgin Islands. (*Id.*). Plaintiff was employed by Defendant as a Family Assistance Center Coordinator, and was terminated after eight months of employment. (*Id.*).

According to Plaintiff, Defendant "falsely claimed" that: (1) her conduct was "unsatisfactory"; (2) she "failed to comply with instructions"; (3) she "concealed or failed to report an error"; and (4) she "falsified company records, reports or forms." (*Id.* ¶ 10). Plaintiff seeks back pay, front pay, damages for emotional distress, and punitive damages, as well as attorneys' fees and interest. (*Id.* ¶ 15). Defendant denies that Plaintiff was wrongfully discharged under the WDA. (Dkt. No. 5).

A Pretrial Conference was held on October 1, 2014, which included oral argument on Defendant's Motions *in Limine*. Andrew C. Simpson, Esq., appeared on behalf of the Plaintiff; Michael J. Sanford, Esq., appeared on behalf of the Defendant.

## II.  DISCUSSION

### A. Defendant's General Motion *in Limine*

In its General Motion *in Limine*, Defendant requests an Order excluding any reference to, or evidence of, seven matters. (Dkt. No. 60). The Court addresses each request in turn.

#### 1. *Voir Dire* Questions Regarding the Jurors' Ability to Award a Specific Amount of Damages

Defendant seeks to preclude any questioning during *voir dire* regarding prospective jurors' ability to award a specific amount of damages. (Dkt. No. 60 at 2). Plaintiff agreed prior to *voir dire* that any such questions should be excluded. (Dkt. No. 63 at 1). Accordingly, the Court denies as moot, *nunc pro tunc*, Defendant's Motion *in Limine* to preclude certain *voir dire* questions.

### 2. References to Legal Advice of Counsel

Defendant next seeks to preclude any reference to, or evidence concerning, legal advice of counsel. (Dkt. No. 60 at 3). As Plaintiff agrees that any such references should be excluded (Dkt. No. 63 at 1), the Court denies as moot Defendant's Motion *in Limine* to preclude references to legal advice of counsel at trial.

### 3. References to Failure of Any Party to Call a Witness Equally Available

In the third matter raised by Defendant's General Motion *in Limine*, Defendant seeks to exclude any evidence, testimony, or argument concerning the failure of any party to call a witness equally available to both parties. (Dkt. No. 60 at 3). Plaintiff agrees to the extent that, "if a witness is truly 'equally available' to either party and is not called to testify, the opposing party is not entitled to a 'missing witness' instruction." (Dkt. No. 63 at 2). The parties agree upon, and are correct regarding, the legal standard. Where neither party calls a witness who is available to both, a "missing witness" instruction is inapplicable. *See United States v. Busic*, 587 F.2d 577, 586 (3d Cir. 1978), *rev'd on other grounds*, 446 U.S. 398 (1980).

While the parties have agreed on the proper legal standard, at this time there is no basis upon which the Court can render a ruling regarding Defendant's request. As the trial has not yet begun and the circumstances surrounding any missing witnesses have not been presented, there is no foundation for a ruling on any party's references to a missing witness. Should the circumstances present themselves, the Court will apply the relevant legal standard to the facts before it. Therefore, the Court denies without prejudice this aspect of Defendant's General Motion *in Limine*.

### 4. References to "Sending a Message" or Acting as the "Conscience of the Community"

Defendant's fourth request is to preclude any reference, argument, or evidence that asks

3

the jury to "send a message" or act as the "conscience of the community." (Dkt. No. 60 at 4). Plaintiff agrees not to make this type of argument in her Opening Statement but suggests that counsel may make such an argument when seeking punitive damages. (Dkt. No. 63 at 2).[1]

An appropriate purpose of punitive damages is to "'deter [the defendant] and others like him [from] similar conduct in the future.'" *Warner v. Kmart Corp.*, 2009 WL 1476476, at *25 (D.V.I. May 27, 2009) (quoting *Restatement (Second) of Torts* § 908(1)); *Smith v. Elias*, 2007 WL 4209701, at *8-9 (V.I. Super. Ct. Oct. 11, 2007) (same). Where a plaintiff is permissibly seeking punitive damages, counsel's request in its summations for a jury to "send a message" to defendant and the community is permissible. *See Snyder v. Bazargani*, 241 Fed. App'x 20, 23-24 (3d Cir. 2007) (finding that plaintiff's closing remarks referencing "sending a message" were permissible in case seeking punitive damages); *Herman v. Hess Oil V.I. Corp.*, 524 F.2d 767, 772 (3d Cir. 1975) ("It is well settled that . . . it is proper to assess punitive damages as a deterrent and an example to the community.").

Similarly, it is not objectionable to refer to the jury as the "conscience of the community." *See Wicks v. Wal-Mart Stores, Inc.*, 199 F.3d 1324, 1324 (2d Cir. 1999) (rejecting argument that counsel's suggestion in summation that a jury should act as the "conscience of the community" was improper); *Hall v. Ochs*, 817 F.2d 920, 927 (1st Cir. 1987) (describing the jury as "the conscience of the community" when discussing the determination of punitive damages); *cf. BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 600 (1996) (Scalia, J. dissenting) ("[P]unitive damages represent the assessment by the jury, as the voice of the community, of the measure of punishment the defendant deserved."). Accordingly, Defendant's request to preclude any

---

[1] To the extent that Defendant seeks to exclude any evidence or argument relating to punitive damages, this issue is addressed in the Court's ruling below on Defendant's "Motion *in Limine* to Preclude Punitive Damages and Front Pay and to Limit Evidence of Back Pay."

4

reference, argument, or evidence that asks the jury to "send a message" or act as a "conscience of the community" is denied.

5.  **References Suggesting that Jurors Put Themselves "in Plaintiff's Place" or "in Plaintiff's Shoes" or Referring to Plaintiff as a "Victim"**

Defendant asks the Court to preclude Plaintiff from referring to "the Golden Rule," suggesting that the jurors put themselves "in Plaintiff's place" or "in Plaintiff's shoes," or calling Plaintiff a "victim." (Dkt. No. 60 at 5). Plaintiff has agreed not to make this type of argument. (Dkt. No. 63 at 2). Accordingly, the Court denies as moot the fifth request of Defendant's General Motion *in Limine*.

6.  **References Concerning Personal Beliefs or Opinions of Counsel for Plaintiff**

Defendant also seeks to preclude Plaintiff's counsel from making any statements regarding their personal beliefs or opinions about Plaintiff's case. (Dkt. No. 60 at 5). As Plaintiff has agreed not to make this type of argument (Dkt. No. 63 at 3), the Court denies as moot Defendant's Motion *in Limine* to preclude at trial any reference to counsel's personal beliefs or opinions regarding Plaintiff's case.

7.  **References to the Effect that Plaintiff Was Terminated Just Before Christmas**

In the seventh matter raised in Defendant's General Motion *in Limine*, Defendant seeks to preclude any reference, evidence, testimony, or argument to the effect that "Plaintiff was terminated just before Christmas." (Dkt. No. 60 at 6).[2] Defendant argues that any such reference is inflammatory and prejudicial, and is an improper attempt to persuade jurors to render a decision based on sympathy. (Dkt. No. 60 at 6; Dkt. No. 66 at 2-3). Plaintiff responds that the proximity of her discharge to Christmas is relevant to the measurement of damages—specifically

---

[2] Defendant discharged Plaintiff on December 20, 2011. (Dkt. No. 1 at 2).

emotional distress—caused by Defendant. (Dkt. No. 63 at 4).

"Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401. A court may exclude relevant evidence if "its probative value is *substantially* outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403 (emphasis added). In this context, "unfair prejudice means an *undue* tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Knight*, 700 F.3d 59, 63 (3d Cir. 2012) (emphasis added) (quoting Fed. R. Evid. 403 advisory committee's note).

A WDA plaintiff is entitled to seek compensatory damages for any emotional pain and suffering resulting from a wrongful discharge. *See Thomas Hyll Funeral Home, Inc. v. Bradford*, 233 F. Supp. 2d 704, 712 (D.V.I. App. Div. 2002). Testimony about the timing of Plaintiff's discharge is relevant to her claim for emotional distress allegedly caused by Defendant's termination of her employment. Such testimony and argument do not inherently rise to the level of undue prejudice to warrant preemptive exclusion. Accordingly, Defendant's request to bar any evidence, testimony, or argument to the effect that Plaintiff was terminated just before Christmas is denied.

### B.  Defendant's Motion *in Limine* Regarding the Testimony of Linda Todman

At the Pretrial Conference, counsel for Defendant withdrew Defendant's "Motion in Limine to Prevent Plaintiff from Testifying to the Acts of Linda Todman." (Dkt. No. 61). The Court accepts counsel's withdrawal of the Motion, and the Motion is deemed withdrawn.

**C.     Defendant's Motion *in Limine* to Preclude Evidence of Certain Damages**

   **1.     Evidence of Punitive Damages**

Defendant seeks to foreclose Plaintiff's efforts to obtain punitive damages under the WDA for two reasons. First, Defendant argues that Plaintiff's claim for punitive damages should fail as a matter of law because Plaintiff "has offered no proof" of evil intent or reckless indifference on the part of Defendant. (Dkt. No. 62 at 5-6). Second, Defendant asserts that "[t]he overwhelming weight of the evidence clearly shows" that Defendant lacked "evil intent or reckless indifference" and, therefore, "[t]o allow any testimony regarding punitive damages would be far more prejudicial than probative." (*Id*. at 6).

Plaintiff is entitled to introduce evidence regarding Defendant's conduct and the Court will not preclude Plaintiff from attempting to establish a factual basis to support an award of punitive damages. *See* 24 V.I.C. § 79 (authorizing a discharged employee to seek punitive damages against an employer who allegedly violated the provisions of the WDA). Whether Plaintiff is entitled to an award of punitive damages cannot be determined on the existing record as a matter of law. Accordingly, Defendant's Motion *in Limine* to preclude an award of punitive damages is denied without prejudice.

   **2.     Evidence of Front Pay**

Defendant seeks to preclude Plaintiff from introducing at trial any evidence relating to front pay, essentially arguing that Plaintiff's vocational expert, Emma Vasquez, has conceded that front pay in this case is too speculative to award. (Dkt. No. 62 at 3). Plaintiff disputes this interpretation of the expert's deposition testimony.

At the Pretrial Conference, Defendant invoked *Benjamin v. Peter's Farm Condo.Owners Ass'n*, 820 F.2d 640 (3d Cir. 1987), in which the court concluded that a certified public accountant's expert opinion about plaintiff's post-injury earning capacity lacked proper factual

7

foundation and was a "castle made of sand." *Id.* at 643. There, the accounting expert testified that "he had neither training in vocational rehabilitation nor professional knowledge as to [plaintiff's] capacity to continue working a particular job," and relied solely on plaintiff's personal belief about his earning capabilities, which the court found speculative. *Id.* Here, Plaintiff is presenting a vocational specialist who has interviewed Plaintiff, analyzed her past employment and professional skills, and presented five examples of future jobs with mean salaries. (Dkt. No. 62, Ex. 4 (expert report of Emma Y. Vasquez)). There is no indication, therefore, that the circumstances in *Benjamin* exist here.

The Court recognizes and will apply the legal standard that "[a]n 'expert's testimony [regarding future earnings loss] must be accompanied by a sufficient factual foundation before it can be submitted to the jury.'" *Elcock v. Kmart Corp.*, 233 F.3d 734, 754 (3d Cir. 2000) (quoting *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 98 (3d Cir. 1983)). However, the Court is unable to make a determination of the sufficiency of the foundation based on the written record that presently exists—the interpretation of which is vigorously debated by the parties. Accordingly, Defendant's Motion *in Limine* regarding front pay is denied without prejudice.

### 3. Evidence of Back Pay

Defendant also seeks to limit testimony regarding back pay to the period between December 20, 2011, when Defendant discharged Plaintiff, and June 26, 2012, when Defendant asserts Plaintiff would have quit her job anyway. (Dkt. No. 62 at 4). The Court finds that the question of whether (and if so, when) Plaintiff would have quit her job cannot be determined as a matter of law based on the existing record. Accordingly, the Court denies without prejudice Defendant's Motion *in Limine* to limit evidence of back pay.

**ORDER**

**UPON CONSIDERATION** of Defendant's three Motions *in Limine*, the Oppositions to same, the argument at the October 1, 2014 Pretrial Conference, the entire record herein, and for the foregoing reasons, it is hereby

**ORDERED** that Defendant's "General Motion in Limine" (Dkt. No. 60) is **DENIED**; and it is further

**ORDERED** that Defendant's withdrawal of its "Motion in Limine to Prevent Plaintiff from Testifying to the Acts of Linda Todman" (Dkt. No. 61) is **ACCEPTED**, and the Motion is deemed **WITHDRAWN**; and it is further

**ORDERED** that Defendant's "Motion in Limine to Preclude Punitive Damages and Front Pay and to Limit Evidence of Back Pay" (Dkt. No. 62) is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.

Date: October 13, 2014 _____/s/_____
WILMA A. LEWIS
Chief Judge