DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| SHIRMEL GUMBS-HEYLIGER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2012-0078 |
| CMW AND ASSOCIATES CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on "Plaintiff's Motion *in Limine* re Testimony of Leslie Delman" (Dkt. No. 99-1). By Order entered on October 13, 2014, the Court granted in part and denied in part Plaintiff's Motion *in Limine* and indicated that a Memorandum Opinion would follow. (Dkt. No. 135). On October 16, 2014, during the trial of this matter, the Court struck certain additional portions of Ms. Delman's testimony.[1] This Memorandum Opinion embodies the Court's reasoning for its rulings.

---

[1] The additional portions are page 31, line 22 to page 33, line 10, and page 35, line 11 to line 18 (Dkt. No. 99-1, p. 50, line 14, to p. 33, line 10; and p. 54, line 11 to line 18), which consist of counsel's colloquy and a comment by the witness in response to objections raised at the deposition.

## I. BACKGROUND

Plaintiff Shirmel Gumbs-Heyliger alleges in her Complaint that Defendant CMW & Associates Corporation wrongfully terminated her in violation of the Virgin Islands Wrongful Discharge Act, codified at 24 V.I.C. §§ 76-79. (Dkt. No. 1). Defendant was under contract with the National Guard to run a Family Assistance Center on St. Croix, Virgin Islands. (*Id*.). Plaintiff worked as a Family Assistance Center Coordinator, and was terminated by Defendant after eight months of employment. (*Id*.). In her Complaint, Plaintiff seeks lost wages in the form of back pay and front pay, damages for emotional distress, and punitive damages, as well as attorneys' fees and interest. (*Id*.).

Both parties offer opinion testimony by vocational experts regarding Plaintiff's lost wages claims. Plaintiff's expert, Emma Y. Vasquez, is a "rehabilitation consultant" who submitted a report on September 23, 2013. (Dkt. No. 112, Ex. 6). Defendant's expert, Leslie Delman ("Delman"), is a "rehabilitation counselor and vocational evaluator" who submitted a vocational evaluation on October 30, 2013. (Dkt No. 99-1 at 7-19). Delman testified through a *de bene esse* deposition on September 25, 2014. (*Id.* at 20-86). Trial commenced on October 14, 2014, and concluded on October 18, 2014.

In her Motion *in Limine*, Plaintiff seeks to exclude five portions of Delman's *de bene esse* deposition testimony, including three excerpts on the ground that Delman testified to opinions or facts not contained in her original expert report. Plaintiff also objects to a statement by Delman that she was not provided certain information from Plaintiff, and to an answer as nonresponsive. (Dkt. No. 99-1 at 1-6).

## II. APPLICABLE LEGAL STANDARDS

### A. Expert Reports and Scope of Expert Testimony

Pursuant to the Federal Rules of Civil Procedure, parties presenting expert testimony must submit an expert report that contains both "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). "The reason for requiring expert reports is the elimination of unfair surprise to the opposing party and the conservation of resources." *Sanofi-Aventis v. Barr Labs.*, 598 F. Supp. 2d 632, 634 (D.N.J. 2009) (internal quotation and citation omitted); *see* Fed. R. Civ. P. 26(a), 1993 advisory committee's note (explaining that the 1993 amendments to Rule 26 were intended to "impose[] an additional duty to disclose information concerning expert testimony sufficiently in advance of trial [so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses"). Consistent with these purposes, a party has the affirmative obligation to supplement its prior disclosures when additional information is learned and such information has not been previously disclosed during the discovery process or in writing. *See* Fed. R. Civ. P. 26(e).

A court may permit an expert to testify beyond the scope of his report, as long as the concerns of prejudice and surprise are adequately addressed. *See Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 423 (3d Cir. 2006) (upholding expert testimony exceeding scope of report on grounds that (1) it was offered in response to prior trial testimony of opponent's witness and (2) whatever surprise might have occurred was adequately cured by cross-examination). When determining if an expert's testimony is beyond the scope of the expert's written report, courts do not require "verbatim consistency with the report, but . . . allow[] testimony which is consistent with the report and is a reasonable synthesis and/or

3

elaboration of the opinions contained in the expert's report." *nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 347 (D. Del. 2011) (internal quotation and citation omitted).

**B.     Exclusion of Evidence for Failure to Comply with Court Rules**

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The power to exclude evidence under the Rule is committed to the court's sound discretion, based on its analysis of whether the conduct was "substantially justified" or "harmless." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 (3d Cir. 2009); *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). "Substantial justification for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002) (internal quotations omitted); *see Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007) (stating "substantial justification" under Rule 16(f) exists where there is a "genuine dispute concerning compliance"). A failure to disclose may be "harmless" when "there is no prejudice to the party entitled to disclosure." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D.N.J. 1999).

The Third Circuit has identified several factors for a court to consider in determining whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties and pretrial notice requirements. These factors include:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000).

### III.   DISCUSSION

A.   **Testimony Allegedly Outside the Scope of Delman's Original Report**

   1.   **Opinion Regarding the Houston Job Market**

Plaintiff requests that the Court exclude Delman's testimony about the availability of certain jobs in the Houston area, where Plaintiff currently resides, because Delman failed to include such information in her October 30, 2013 expert report. (Dkt. No. 99-1 at 3). In her report, Delman lists categories of jobs suitable for Plaintiff based on U.S. Department of Labor nationwide statistics. (*Id.*). However, in Delman's *de bene esse* deposition on September 25, 2014, she testified that she conducted a labor market survey of Houston jobs on September 18, 2014. Delman stated that when she wrote her report in October 2013, she did not conduct "a labor survey at that point because, obviously, all of that information would be old; and I don't even know if Ms. Gumbs-Heyliger would be living in Houston or where she would be at this point. So my labor market surveys are always sometimes close to when I would be testifying." (Dkt. No. 99-1 at 46-47).

Defendant maintains that it was reasonable for Delman to wait until close to trial to "update" her opinion with a Houston-specific labor market survey because of the job market's volatility, and that the omission from Delman's original report of Houston labor market conditions was harmless. (Dkt. No. 112 at 3-4). Defendant further argues that if the Court determines that the new opinions should have been disclosed, the nature of this evidence is such that "reasonable parties could, and do disagree about the necessity of its disclosure so that the sanctions of Rule 37 should not apply because of the 'substantial justification' exception." (*Id.* at 12.)

The Court will grant Plaintiff's motion to the extent that she seeks to exclude Delman's testimony concerning jobs in Houston that are available to Plaintiff. This information was not contained in Delman's expert report. Nor did Delman update her report, pursuant to the requirements of Rule 26(e), with the Houston job survey information—information which Delman testified that she obtains, as a matter of course, prior to trial to supplement her earlier conclusions. Delman conducted the employment survey on September 18, 2014. Defendant therefore had one week between the date of this survey and the September 25, 2014 *de bene esse* deposition to provide Plaintiff with this information—which is clearly material—but did not do so. Thus, Plaintiff learned, for the first time, at the *de bene esse* deposition that Delman was opining, and relying, on this additional information.

*De bene esse* depositions are sometimes referred to as "trial depositions," *Coface Collections N. Am., Inc. v. Newton*, 2012 WL 6738391, at *1 n.1 (D. Del. Dec. 28, 2012), and are taken "in lieu of live testimony at trial," *Caliendo v. Trump Taj Mahal Assocs.*, 2007 WL 1038854, at *2 (D.N.J. Mar. 29, 2007). Such is the case here, because Delman's deposition testimony was used in lieu of her live testimony. Accordingly, Delman's new testimony concerning the labor market survey at her *de bene esse* deposition had the same effect as if she had testified to that information for the first time at trial. No opportunity was therefore provided for Plaintiff's counsel to prepare for effective cross-examination.

Defendant seeks to minimize the impact of this new information by describing it as a "minor update[] of earlier expressed opinions contained in her report . . ." (Dkt. No. 112 at 2). The Court does not agree. This information does not update the general, national workforce wage estimates; rather, it focuses on the Houston market, and discusses employment opportunities there.

The Court further concludes that, in view of the materiality of this information, reasonable parties could not disagree about the requirement to update the expert report in this instance. In addition, Plaintiff was prejudiced because she could not prepare to cross-examine Delman at the *de bene esse* deposition concerning this new information. Moreover, Plaintiff's ability to cure was questionable because her counsel's surprise could not be considered remedied by counsel's on-the-spot cross-examination, especially given that Plaintiff's expert had no opportunity to review Delman's new findings.

Defendant's contention that Delman's "new" opinions were supported by Plaintiff's expert is not Defendant's call to make. Plaintiff is entitled to the opportunity—is she chooses—to have her expert review the opposing expert opinions. A request for a continuance to be able to properly respond would likely have disrupted the time frame of the trial. While the Court can find no bad faith or willfulness in Defendant's failure to supplement the expert report, the other factors militate in favor of exclusion. *See Tran v. Baik*, 406 Fed. App'x 661, 663 (3d Cir. Jan. 14, 2011) (balancing factors and upholding exclusion of expert report without evidence of bad faith or willfulness).

Accordingly, the Court will exclude Delman's testimony as to jobs in Houston that are available to Plaintiff, striking Delman's testimony from page 25, line 14 to page 31, line 1; and page 42, line 13 to page 43, line 4 (Dkt. No. 99-1, p. 44, line 14 to p. 50, line 1; and page 61, line 13 to page 62, line 4).

**2.     Opinion that Plaintiff Was Not Making a Reasonable Effort to Find a Job**

Plaintiff requests that the Court exclude Delman's opinion testimony about the reasonableness of Plaintiff's efforts to secure a job because her original report expresses no opinion or criticism of Plaintiff's efforts. (Dkt. No. 99 at 4-5). At the deposition, Delman was asked whether Plaintiff was making a reasonable effort to find a job. (Dkt. No. 99-1 at 54).

Plaintiff's counsel objected, stating it was beyond the scope of Delman's report. Delman responded that, in her opinion, the matter was addressed in her report and that Plaintiff "made very little effort to secure employment." (*Id.*). Defendant responds that Delman's report addressed the nature and extent of Plaintiff's efforts to find a job, and asserts that Delman's conclusions are supported by Plaintiff's expert, Emma Vasquez. (Dkt. No. 112 at 7).

Delman's report detailed Plaintiff's efforts to find a job. (Dkt. No. 99-1 at 15, 16, 18). While the report does not contain an opinion about the reasonableness of those efforts, this testimony is "consistent with the report and is a reasonable synthesis and/or elaboration" of the opinions contained therein. *nCube Corp.,* 809 F. Supp. 2d at 347. Thus, the Court finds that the testimony at issue is not the type of additional testimony beyond the scope of Delman's expert report that calls into question the propriety of the testimony and necessitates a sanctions analysis. Accordingly, the Court will not exclude Delman's testimony on the reasonableness of Plaintiff's job search efforts. The Court, however, excludes the attorneys' discussion of the objection, striking page 35, line 11 to line 18 (Dkt. No. 99-1, p. 54, line 11 to line 18).

### 3. Opinion that Plaintiff Does Not Need to Work Full-Time

Plaintiff also seeks to exclude Delman's opinion as to whether Plaintiff had to work full-time, claiming that because her original report makes no reference to full- or part-time work, such an opinion is outside the scope of the original report. (Dkt. No. 99 at 5). In response to a question whether, in her opinion, Plaintiff had to work full-time, Delman asserted that: "It's in my report that she indicates that she's—they're making ends meet financially." (Dkt. No. 99-1 at 55). Defendant argues that Delman's report contains the factual bases for this opinion, such as Plaintiff's availability for work and Plaintiff's family economics and responsibilities. (Dkt. No. 112 at 8).

Here, too, the Court concludes that Delman's testimony is "consistent with the report and is a reasonable synthesis and/or elaboration" of the opinions contained in the report. *nCube Corp.,* 809 F. Supp. 2d at 347. Accordingly, the Court will deny Plaintiff's Motion *in Limine* to the extent that it seeks to exclude Delman's testimony on whether Plaintiff needs to work full-time.

B.  **Testimony that Delman Was Not Provided Information**

Plaintiff seeks to exclude Delman's testimony that she requested and was not provided information detailing Plaintiff's job searches, such as online applications. (Dkt. No. 99-1 at 4). Plaintiff objected on the grounds that Plaintiff had responded to discovery requests and Defendant never timely objected to the responses or moved to compel more complete discovery. (*Id.*). Defendant asserts that Delman's testimony is proper because Plaintiff's response to Defendant's interrogatories requesting such materials did not include any details regarding her applications, which Defendant learned from Plaintiff's deposition and expert report, both of which took place or were submitted after fact discovery had closed. (Dkt. No. 112 at 5-7).

The Court will deny Plaintiff's request to exclude this testimony for the same reason it granted Plaintiff's request to exclude Delman's testimony concerning the Houston job market: Plaintiff was under a continuing obligation to supplement her responses to Defendant's interrogatories and requests for production wherein Defendant asked Plaintiff to, *inter alia,* "identify all job applications and other employment inquiries," and provide "[a]ll documents related to [her] attempts to obtain employment after [her] termination." (Dkt. No. 112 at 4-5). The blame for, and adverse consequences of, Plaintiff's failure to fulfill her responsibilities to respond completely to the discovery requests in the first instance—or to supplement her responses as additional information and/or documentation became available—cannot be transferred to Defendant by asserting that Defendant failed to object or file a motion to compel.

Accordingly, the Court will deny Plaintiff's Motion *in Limine* to the extent that it seeks to exclude Delman's testimony concerning not being provided job application information. The Court, however, excludes the attorneys' objection colloquy and Ms. Delman's comment during that colloquy, striking page 31, line 22 to page 33, line 10 (Dkt. No. 99-1, p. 50, line 14, to p. 33, line 10).

**C.   Testimony Objected to as Nonresponsive**

Finally, Plaintiff seeks to strike as nonresponsive testimony that Delman provided toward the end of her direct examination. (Dkt. No. 99-1 at 5). Plaintiff contends that, during the *de bene esse* deposition, Delman "began a lengthy narrative that was not responsive to any question" and therefore Plaintiff objected. (*Id.*). Defendant responds that Delman's answer was a permissible "recapitulation" of her findings and conclusions. (Dkt. No. 112 at 8).

The testimony at issue is as follows:

Q: Okay. Are there any other opinions that you would like to offer—

A: Well, a couple of things—

Q: —as indicated in your report?

A: Yes. Well, one of the things that I relied upon in my report was the CMW employment application where Ms. Gumbs-Heyliger indicated herself that she had excellent oral and written communication skills, works very well with others, understands key elements of teamwork. Strong human resources, managerial and research background.

Q: Then, did you find in your interview with Ms. Gumbs-Heyliger that she possessed those skills?

A: Yes.

Q: Okay.

A: A moment.

Ms. Heyliger's work background has been varied in terms of the different things that she's done in her different—the different skills that she's acquired. . . .

10

(Dkt. No. 99-1 at 58). Delman's response continued for approximately two transcript pages in which she discussed Plaintiff's job skills and experience; ability to look for a job; the position in which the family was placed when Plaintiff's husband lost his job at Hovensa; and her opinion that when Plaintiff was ready to go to work, she would find a job quickly. (Dkt. No. 99-1 at 58-60).

Plaintiff's objection that Delman's answer was not responsive to any question does not find support in the deposition text. The context for Delman's response was counsel's question concerning whether there were "any other opinions . . . as indicated in [her] report" that Delman wished to offer, to which she responded "a couple of things." She discussed one such item (Plaintiff's skill set) which was followed up with a question regarding those skills. Delman clearly had not finished responding to that question when she asked for "[a] moment," after which she returned to, and expanded upon, her answer regarding Plaintiff's job skills.

The Court will therefore deny Plaintiff's Motion *in Limine* to the extent Plaintiff seeks to exclude this section of Delman's deposition testimony on grounds of non-responsiveness.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part "Plaintiff's Motion *in Limine* re Testimony of Leslie Delman." (Dkt. No. 99-1). The Court will grant Plaintiff's Motion *in Limine* to the extent that Plaintiff seeks to exclude Delman's testimony regarding jobs in Houston that are available to Plaintiff, striking Delman's testimony from page 25, line 14 to page 31, line 1; and page 42, line 13 to page 43, line 4 (Dkt. No. 99-1, page 44, line 14 to page 50, line 1; and page 61, line 13 to page 62, line 4). The Court will also grant Plaintiff's Motion to the extent that Plaintiff seeks to exclude comments by counsel and the witness in response to objections, striking page 31, line 22 to page 33, line 10, and page 35, line 11 to line 18 (Dkt. No. 99-1, p. 50, line 14, to p. 33, line 10; and p. 54, line 11 to line 18).

Finally, the Court will deny Plaintiff's Motion *in Limine* to the extent that Plaintiff seeks to exclude Delman's testimony concerning: (1) Delman's opinion that Plaintiff was not making a reasonable effort to find a job; (2) Delman's opinion that Plaintiff did not need to work full-time; (3) whether Delman was provided information on Plaintiff's job searches; and (4) Delman's testimony that was allegedly non-responsive to a question.

A written Order (Dkt. No. 135), and an oral ruling during trial were previously issued.

Date:   October 29, 2014                                           _____/s/_____
                                                                     WILMA A. LEWIS
                                                                     Chief Judge