## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                            )
**SHIRMEL GUMBS-HEYLIGER,**                 )
                                            )
       **Plaintiff,**                 )
                                            )
      **v.**                         )    **Civil Action No. 2012-0078**
                                            )
**CMW AND ASSOCIATES CORPORATION,**         )
                                            )
      **Defendant.**                 )
_____)

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiff*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court following the pre-trial conference, held on October 8, 2014, where the Court directed the parties to file supplemental briefs on, *inter alia*, the issue of whether back pay and front pay claims for damages under the Virgin Islands Wrongful Discharge Act, 24 V.I.C. §§ 76-79, are to be decided by the Court or the jury. Defendant and Plaintiff filed their briefs on October 10, 2014. (Dkt. Nos. 124 and 126, respectively). By Order entered on October 13, 2014, the Court ruled that back pay and front pay damages fall within the definition of "compensatory damages" authorized by the Wrongful Discharge Act, and are to be determined by the jury. (Dkt. No. 134). Per the Court's October 13, 2014 Order, this Memorandum Opinion embodies the Court's reasoning for its ruling.

## I.   BACKGROUND

The Virgin Islands Wrongful Discharge Act ("WDA") provides a discharged employee with both an administrative avenue to pursue relief, as well as an opportunity to seek relief in court. Section 77 of the WDA describes the process for administrative proceedings. If the employee is successful, the Commissioner of Labor is authorized to issue "an order requiring that the employee be *reinstated with back pay*." 24 V.I.C. § 77(c) (emphasis added). Section 79, entitled "Additional remedies," sets forth the remedies an employee may seek if the employee challenges a discharge in court. It provides: "In addition to the remedies provided by sections 77 and 78 of this chapter, any wrongfully discharged employee may bring an action for *compensatory and punitive damages* in any court of competent jurisdiction against any employer who has violated the provisions of section 76 of this chapter." *Id.* § 79 (emphasis added). The WDA does not define or describe what types of damages may be characterized as compensatory.

Defendant argues that because the WDA's text makes a distinction between "reinstate[ment and] back pay" and the "additional remedies" of "compensatory and punitive damages," back pay "must be excluded from the meaning of compensatory damages under section 79." (Dkt. No. 124 at 4). Defendant also posits that because back pay is an equitable remedy in Title VII employment discrimination cases—to be determined by the court, not the jury—back pay and front pay under the WDA should also be determined by the court. *Id.* at 5.

Plaintiff cites the Restatement (Second) of Torts § 903 and case law from other jurisdictions holding that lost wages are compensatory damages for a jury's determination, and asserts that "where there has been harm only to the pecuniary interests of a person, compensatory damages are designed to place him in a position substantially equivalent in a pecuniary way to that which he would have occupied had no tort been committed." (Dkt. No. 126 at 1) (quoting

2

Restatement (Second) of Torts § 903 cmt. a). In Plaintiff's view, both back pay and front pay operate to compensate Plaintiff for the losses she suffered as a result of the wrongful termination, and fit into the definition of compensatory damages awarded by the jury. *Id.* Plaintiff adds that Title VII's treatment of back pay as an equitable remedy does not require that back pay be treated as such in all employment actions. *Id.* at 2.

The parties have cited to no cases, and the Court is unaware of any, that explicitly address the question whether back pay and front pay are to be decided by the Court or jury under the WDA.[1] However, the language of the WDA, together with the common understanding of compensatory damages, helps to resolve this question.

## II.   DISCUSSION

The Court begins with the plain language of the WDA. *See Connor v. People of the V.I.*, 2013 WL 3421061, at *16 (V.I. July 2, 2013) ("[S]tatutory interpretation begins with the language of the statute itself . . . and if the statutory language is unambiguous the plain meaning of the words is ordinarily regarded as conclusive.") (quoting *Gov't of the V.I. v. Knight*, 989 F.2d 619, 633 (3d Cir. 1993)). The WDA authorizes a plaintiff to seek "compensatory" damages in a court action. 24 V.I.C. § 79. "Compensatory damages" are "[d]amages sufficient in amount to indemnify the injured person for the loss suffered." Black's Law Dictionary 472 (10th ed. 2009). "Indemnify" means "[t]o reimburse (another) for a loss suffered because of a third party's or one's own act." *Id.* at 886. Back pay and front pay, collectively referred to as "lost wages,"

---

[1] The Court notes two cases in which a jury awarded lost wages in a WDA action. In *Thomas Hyll Funeral Home, Inc. v. Bradford*, 233 F. Supp. 2d 704 (D.V.I. App. Div. 2002), the District Court and then Territorial—now Superior—Court, although not explicitly deciding the instant issue, agreed that "compensatory damages" included past and future lost wages. *See id.* at 711-12. In *McDonald v. Davis*, 2009 WL 1405857 (D.V.I. May 18, 2009), a jury addressed the issue of compensatory damages in the form of back pay. *See id.* at *3 & n.6.

reimburse economic loss suffered as a result of a wrongful discharge, and plainly fall within the meaning of "compensatory damages."[2]

Considering back pay and front pay as compensatory damages is consistent with the general agreement that compensatory damages include economic loss resulting from wrongful conduct. Indeed, it is well established that compensatory damages in the tort context include past and future economic losses.[3] *See Better Bldg. Maint. of the V.I. v. Lee*, 2014 WL 1491559, at *2 (V.I. Apr. 15, 2014) (analyzing jury instructions for reducing future damages awards to present value, and accepting, without comment, that the jury awarded damages for past economic loss and future expenses to a personal injury plaintiff); *Feuerstein v. Simpson*, 2013 WL 5431723, at *2-3 (D.V.I. Sept. 30, 2013) (compensatory damages for libel are awarded for pecuniary loss to the plaintiff) (citing Restatement (Second) of Torts § 623A); *Smith v. Katz*, 2013 WL 1182074, at *14 (D.V.I. Mar. 22, 2013) (for a negligence tort, jury awards for economic damages must be based on "concrete, economic harms suffered by the plaintiff, such as lost wages"); *Franklin v. Virgin Petroleum Diamond, Inc.*, 2010 WL 1881849, at *1 (V.I. Super. Ct. Apr. 27, 2010) (in personal injury tort claim, plaintiff may seek compensatory damages including future loss of earnings) (quoting Restatement (Second) of Torts § 912); *see also Williams v. Tutu Park Ltd.*,

---

[2] The Court finds that the same analysis applies equally to back pay and front pay because front pay is, essentially, a continuation of back pay beyond the date of judgment. *See Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 490-91 (5th Cir. 2007) ("Unlike back pay . . . which compensates plaintiff for damage suffered between the date of injury and the date of final judgment in [her] favor, front pay is a prospective remedy that estimates the damage plaintiff will continue to suffer after the date of final judgment as a result of the wrongdoing.").

[3] The body of tort law is instructive in analyzing a WDA claim. *See Sorber v. Glacial Energy VI, LLC*, 2011 WL 3854244, at *3 (V.I. Super. Ct. June 7, 2011) (dismissing cause of action for *prima facie* tort because it was duplicative of plaintiff's WDA claim); *Sprauve v. CBI Acquisitions, LLC*, 2010 WL 3463308, at *11 (D.V.I. Sept. 2, 2010) ("Absent the applicability of the WDA, there is no common law cause of action for wrongful discharge Plaintiff may claim."); *Thomas Hyll*, 233 F. Supp. 2d at 711 (applying the Restatement (Second) of Torts to conclude that "compensatory damages" in Section 79 of the WDA includes emotional harm).

2005 WL 1313431, at *3 (D.V.I. May 11, 2005) (observing that compensatory damages include lost wages, including future lost wages); *Davis-Richards v. Gov't of the V.I.*, 1996 WL 96052, at *2 (V.I. Terr. Ct. Feb. 13, 1996) (noting that judgment awarded plaintiff "compensatory damages, including . . . stipulated back pay").

Having determined that back pay and front pay fall within the scope of "compensatory damages" authorized by the WDA, it is axiomatic, of course, that such damages are determined by the jury. *See* 22 Am. Jur. 2d Damages § 792 ("The amount of damages is within the jury's province . . . . It is also for the jury to determine whether . . . [a plaintiff's] consequent loss of time or wages was due to [defendant's conduct]."); *id.* § 797 ("Translating legal damage into money damages in a matter peculiarly within a jury's ken."). There is no indication that the Legislature intended the Court to assume the responsibility of the fact-finder to determine what compensation is appropriate for a successful plaintiff.[4]

This Court is mindful that it is well-established that back pay and front pay under Title VII and some other federal discrimination statutes are equitable remedies to be determined by the court. *See Donlin v. Philips Lighting N. Am. Corp.,* 581 F.3d 73, 78 n.1 (3d Cir. 2009). That fact, however, does not require the Court to find that all remedies encompassing back pay and front pay must be considered equitable. *See Chauffeurs, Teamsters, and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 573 (1990) (rejecting argument that simply because back pay under Title VII constituted equitable relief, the back pay remedy under the National Labor Relations Act had to also be considered equitable, and noting that each statute "vindicate[d] different goals"); *see also Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573, 576 (S.D.N.Y. 2011)

---

[4] The Court agrees with the sentiment expressed by courts in other jurisdictions that "having juries calculate lost wages requires no special competence or authority belonging solely to the court." *Broadnax v. New Haven*, 415 F.3d 265, 272 (2d Cir. 2005) (citing *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000)).

(pointing out that under the New York State Human Rights Law, "any form of money damages, including front pay, is a legal remedy to be decided by the jury"). It would be particularly inapt to look to Title VII in this instance because Title VII *specifically* excludes back pay from compensatory damages. *See* 42 U.S.C. § 1981a(b)(2) (stating that '[c]ompensatory damages . . . shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964"). The WDA contains no such provision.[5]

Further, the circumstances behind the creation of Title VII—an effort to remedy the scourge of illegal discrimination on the job site—are clearly different from the circumstances behind the creation of the WDA which, on its face, is not an anti-discrimination law.[6] Therefore, the Court rejects the wholesale importation of Title VII principles into the WDA, including in the context of considering the nature of available remedies. *See Maynard v. Rivera*, 675 F.3d 225, 230-31 (3d Cir. 2012) (questioning a parallel between the WDA and Title VII); *Celestine v. St. Croix Fin. Ctr., Inc.*, 2014 V.I. LEXIS 68, at *1 n.1 (Super. Ct. Aug. 27, 2014) (endorsing the

---

[5] In contrast to its reference to compensatory damages, Section 79 provides, "[t]he court in such action shall award to the plaintiff reasonable attorney's fees and costs of the action, in addition to any judgment in favor of the plaintiff." 24 V.I.C. § 79. The Virgin Islands Legislature made clear that it could specify that "the court" was responsible for certain awards.

[6] In *Taxman v. Bd. of Educ. of Twp. of Piscataway*, 91 F.3d 1547 (3d Cir. 1996), the Third Circuit summarized the purpose and legislative history of Title VII. The Court observed that "Title VII was enacted to further two primary goals: to end discrimination on the basis of race, color, religion, sex or national origin, thereby guaranteeing equal opportunity in the workplace, and to remedy the segregation and underrepresentation of minorities that discrimination has caused in our Nation's work force." *Id.* at 1557. The Court noted that these purposes were reflected in the statute's legislative history. *Id.* There is little legislative history of the WDA. *See Application of Baby Girl Lake*, 1995 WL 789028, at *5 n.5 (V.I. Terr. Ct. Dec. 19, 1995) ("[T]he Archives Division of the Legislature of the Virgin Islands lost its computers due to Hurricane Marilyn."). However, the legislative history that does exist—found in case law—indicates that the Virgin Islands "Legislature's overwhelming concern [was] with providing every wrongfully discharged employee with an opportunity to obtain redress." *Diaz v. Pueblo Int'l, Inc.*, 1988 WL 1625359, at *1 (V.I. Terr. Ct. Mar. 30, 1988).

*Maynard* court's reservations). In view of the foregoing, the Court will not engraft Title VII's statutory characterization of back pay as equitable upon the back pay and front pay remedies provided in the WDA.

### III.   CONCLUSION

For the reasons set forth above, the Court finds that, under the WDA, requests for front pay and back pay shall be deemed to be compensatory damages that are determined by the jury.

An Order to this effect was previously issued. (Dkt. No. 134).

Date:   October 29, 2014          _____/s/_____
                                  WILMA A. LEWIS
                                  Chief Judge