DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| SHIRMEL GUMBS-HEYLIGER, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CMW AND ASSOCIATES CORPORATION, )<br>)<br>   Defendant. )<br>_____) | Civil Action No. 2012-0078 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily A. Shoup, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Michael J. Sanford, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Defendant's "Motion to Strike Plaintiff's Reply to Motion for Award of Attorney's Fees as Untimely," filed on January 6, 2016, (Dkt. No. 180) and Plaintiff's "Rule 6(b) Motion to Accept Untimely Filed Reply Memorandum," filed on January 20, 2016 (Dkt. No. 181). For the reasons set forth below, the Court will deny Defendant's Motion to Strike, grant Plaintiff's Rule 6(b) Motion, and accept Plaintiff's untimely filed Reply.

### I.   BACKGROUND AND PROCEDURAL HISTORY

On October 30, 2015, Plaintiff filed her "Motion to Determine Quantum of Fee and Cost Award" (Dkt. No. 170) accompanied by her "Memorandum in Support of Award of Attorney's Fees and Costs" (Dkt. No. 171). On November 9, 2015, the parties filed a "Stipulated Motion for Extension of Time" in which they "request[] that the Court allow Defendant . . . an extension of

time until Wednesday, November 25, 2015, to file its Opposition to Plaintiff's Motion for Fees and Costs." (Dkt. No. 172). The next day on November 10, 2015, the Court entered an Order granting the parties' Stipulated Motion. (Dkt. No. 173). The November 10 Order gave Defendant up to and including November 25, 2015, within which to file its Response and gave Plaintiff up to and including December 9, 2015, within which to file her Reply, if any. (*Id.*). Defendant timely filed its "Opposition to Plaintiff's Memorandum in Support of Request for Attorneys Fees and Costs" on November 25, 2015. (Dkt. No. 175). On December 9, 2015, Plaintiff filed an "Unopposed Motion for Extension of Time," in which she "requests an extension of time up to and including December 23, 2015, to respond to Defendant['s] . . . Opposition to Plaintiff's Motion for Fees and Costs." (Dkt. No. 177). In an Order dated December 15, 2015, the Court granted Plaintiff's Unopposed Motion and gave Plaintiff up to and including December 23, 2015, within which to file her Reply. (Dkt. No. 178). However, Plaintiff filed her "Reply to Opposition to Motion for Award of Attorney's Fees"—the acceptance of which is the subject of the instant Motions—eight days late, on December 31, 2015. (Dkt. No. 179).

In its Motion to Strike, Defendant notes that Plaintiff filed her Reply "more than a week late" but "never requested that the December 23, 2015 deadline be extended before that deadline expired" and "has not filed a motion requesting an extension of that deadline asserting excusable neglect." (Dkt. No. 180 at 1). Citing Rule 6(b) of the Federal Rules of Civil Procedure, Defendant asserts that "Plaintiff's Reply must be stricken as it was filed after the December 23, 2015 deadline and it was not accompanied by a motion requesting an extension of time on the basis of excusable neglect." (Dkt. No. 180 at 2).

In her Motion to Accept, Plaintiff acknowledges that her Reply was filed untimely but nonetheless argues that the Court should accept it because there exists excusable neglect. (Dkt.

2

No. 181 at 1). In an attached declaration from Plaintiff's counsel, Andrew Simpson, Esq., Attorney Simpson concedes that the Reply was filed late "due to [his] own, personal, mistake." (Dkt. No. 181-1 at 1). Attorney Simpson explains that he "personally calendared the deadline using [his] law firm's case management software" put that he incorrectly "saved the deadline date as December 31 rather than December 23." (*Id.*). Attorney Simpson asserts that "[he] was not aware of the error until defendant filed its motion to strike; otherwise, a motion for leave to file out-of-time would have been filed with the reply." (*Id.*). Examining the four factors set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), Plaintiff argues that each one weighs in favor of accepting her untimely Reply. (Dkt. No. 181 at 3-4). In particular, Plaintiff asserts that the short delay "cannot possibly have prejudiced [D]efendant"; that the delay is unlikely to have caused "any discernable impact upon judicial proceedings"; that Attorney Simpson's calendaring error was the type of carelessness that can constitute excusable neglect; and that there is no evidence of bad faith. (*Id.*).[1]

Defendant has not responded to Plaintiff's Motion to Accept and has not filed a reply to Plaintiff's Opposition to Motion to Strike. The time for doing both has passed.

## II.   DISCUSSION

### A.   Legal Principles

Pursuant to Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time. . . ." Fed. R. Civ. P. 6(b)(1). "'Good cause' is understood to mean '[a] legally sufficient reason,' and it reflects 'the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an

---

[1] On January 20, 2016, Plaintiff filed her "Opposition to Motion to Strike" in which she "incorporates the law and argument cited in her [Motion to Accept (Dkt. No. 181)]." (Dkt. No. 182 at 2).

3

action excused.'" *Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) (quoting *Black's Law Dictionary* 251 (9th ed. 2009)). The "good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

Federal Rule of Civil Procedure 6(b)(1) further states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "Excusable neglect is a broad inquiry and determining whether neglect is excusable is an 'equitable' determination that takes account of all relevant circumstances surrounding the party's omission." *Clarke v. Marriott International, Inc.*, 2012 WL 2285188, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999)) (quotations omitted).

Courts consider four factors in determining whether an extension should be granted based on excusable neglect: (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of [the untimely party]"; and (4) "whether the [untimely party] acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395; *see also Drippe v. Tobelinski*, 604 F.3d 778, 784–85 (3d Cir. 2010) (applying the four *Pioneer* factors to a Rule 6(b)(1)(B) motion); *Glasgow v. Veolia Water N. Am. Operating Services LLC*, 2011 WL 3471963 at *3 (D.V.I. Aug. 5, 2011). "The moving party carries the burden of demonstrating excusable neglect." *Clark*, 2012 WL 2285188, at *2.

Thus, to establish whether the Court should grant her Motion to Accept, Plaintiff has the burden of showing both good cause and excusable neglect.

B.  Analysis

The Court first examines whether Plaintiff has met her burden of both showing good cause for the eight-day extension of the deadline, and demonstrating that the *Pioneer* factor regarding the reason for delay weighs in favor of a finding of excusable neglect. The Court finds that Plaintiff has met her burden.

Under the good cause standard, the Court focuses on Plaintiff's "burden to show due diligence." *Race Tires Am. Inc.*, 614 F.3d at 84. Similarly, under the *Pioneer* excusable neglect factor regarding reason for delay, the Court examines whether Plaintiff exhibited "substantial diligence" and "professional competence," but notwithstanding such efforts, "the result of some minor neglect" caused the lack of compliance. *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012).

In her Motion to Accept, Plaintiff states that her counsel "personally calendared the deadline using his law firm's case management software. While counsel cannot explain how he managed to enter the incorrect date, the fact is that he saved the deadline date as December 31 rather than December 23." (Dkt. No. 181 at 1 (omitting internal citation)).

The Court finds that counsel's inadvertent calendaring error resulting in an eight-day delay is the type of "minor neglect" that weighs in favor of a finding good cause and excusable neglect. But for accidentally entering "December 31" instead of "December 23," counsel's conduct of calendaring the deadline and filing Plaintiff's Reply in accordance with the calendared deadline shows "substantial diligence" and "professional competence." *Pincay v. Andrews*, 389 F.3d 853, 858-60 (9th Cir. 2004) (holding that the district court did not abuse its discretion in finding excusable neglect where a paralegal's misreading of a clear rule caused the incorrect filing deadline in law firm's calendaring system, ultimately resulting in the late filing of a notice of appeal); *Ruiz v. Carmeuse Lime, Inc.*, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable

5

neglect where "an inadvertent calendaring error" caused the late filing of a response to a motion to dismiss). Accordingly, the Court finds that Plaintiff has met her burden of establishing good cause, and that the "reason for delay" *Pioneer* factor weighs in favor of a finding of excusable neglect.

The Court next examines the "length of delay" factor and its potential impact on judicial proceedings. Here, Plaintiff's Reply was filed eight days late and concluded the briefing on Plaintiff's Motion for Attorney's Fees and Costs. There are no other remaining deadlines. Under the circumstances here, the eight-day delay had no discernable impact on judicial proceedings. Rather, at this stage in the proceedings, Plaintiff's Reply could assist the Court in its analysis of Plaintiff's Motion for Attorney's Fees and Costs. Accordingly, the Court finds that the "length of delay" factor weighs heavily in favor of a finding of excusable neglect.

Similarly, the Court finds that the factor regarding the danger of prejudice to the other party also weighs heavily in favor of a finding of excusable neglect. As the Third Circuit noted in *Ragguette*, "prejudice does not consist of 'an imagined or hypothetical harm,' and, on the contrary, prejudice generally occurs where, for instance, the opposing party has lost evidence or placed substantial reliance on the judgment or there is an increased potential for fraud or collusion." 691 F.3d at 331-32 (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d at 127). Here, the Court fails to see how Plaintiff's eight-day delay in filing her Reply could have caused any actual prejudice to Defendant, particularly since—as mentioned above—there are no other pending deadlines in this matter. The Court notes that both parties sought and received extensions of time when briefing Plaintiff's Motion for Attorney's Fees and Costs and that Plaintiff's motion for an extension of time was unopposed. (*See* Dkt. Nos. 172, 177). Further, in its Motion to Strike, Defendant never

articulates how the untimely filing of the Reply creates any prejudice or even inconvenience to Defendant. (Dkt. No. 180).[2]

Finally, the Court reaches a similar conclusion when it examines the *Pioneer* factor concerning bad faith. Based on the facts in the record, the Court cannot find—and Defendant never asserts—that Plaintiff engaged in "outright misconduct or inequitable behavior" that would constitute bad faith. *See Ragguette*, 691 F.3d at 332. Because it does not appear that Plaintiff acted in bad faith, this *Pioneer* factor also weighs in favor of a finding of excusable neglect.

In sum, the Court finds that Plaintiff has met her burden of showing good cause and excusable neglect. The inadvertent calendaring error of Plaintiff's counsel and the resulting eight-day delay demonstrate a situation in which, but for the minor neglect of calendaring the incorrect date, Plaintiff's counsel exhibited "substantial diligence" and "professional competence." Similarly, the remaining *Pioneer* factors all support a finding of excusable neglect.

### III.     CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's Rule 6(b) Motion to Accept Untimely Filed Reply Memorandum (Dkt. No. 181); will accept Plaintiff's untimely filed Reply (Dkt. No. 179); and will deny Defendant's Motion to Strike Plaintiff's Reply to Motion for Award of Attorney's Fees as Untimely (Dkt. No. 180). An appropriate Order accompanies this Memorandum Opinion.

Date:   March 31, 2017                       _____/s/_____
                                             WILMA A. LEWIS
                                             Chief Judge

---

[2] In its Motion to Strike—the substance of which consists of less than two pages—Defendant states that "[a]ssuming that Plaintiff files the required motion for extension pursuant to FRCP 6(b)(1)(B), Defendant reserves the right to respond." (Dkt. No. 180 at 2). As noted above, Defendant has neither filed a response to Plaintiff's Motion to Accept nor filed a reply to Plaintiff's Opposition to Motion to Strike, and the time for doing both has passed.